## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

DeANDRE HOPSON                                                                PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:13-CV-188-H

LOUISVILLE METRO POLICE et al.                          DEFENDANTS

### MEMORANDUM OPINION

      Plaintiff, DeAndre Hopson, filed a *pro se*, *in forma pauperis* complaint.[1] This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

      Plaintiff sues: Louisville Metro Police, 5th Division; Ruth Spencer; CPS social worker; Teresa Grey; Nicole Pearson; Detective Gary Huffman; Lily Solinger; and Adam Solinger. The first page of the complaint mentions, among other things, whistleblowing action; hate crime; the "Matthew Shepards Byrd Action"; federal obstructing justice and extortion; "domestic violence effecting Interstate commerce"; and retaliation. His complaint contains a rambling, disjointed narrative of a vast conspiracy or conspiracies. For example, Plaintiff alleges:

> All courts are obstructing justice to protect Defendant Benny Berry as district courts attorneys are staging more kangaroo courts for Hopson, as prosecutors were threaten and intimadated by Benny Berry, telephone and internet was used to set up these deceitful trick of drag[g]ing Hopson into a set up conspiracy to take Hopson's children.

Elsewhere, his complaint states: "Defendants all are in conspiracy to silense DeAndre Hopson

---

[1] The Court notes that Plaintiff has filed multiple lawsuits in this Court since May 21, 2012. Many of his cases contain overlapping Defendants and claims.

to be [illegible] railroad to death or penitentiary on account of these large peter, paul game of steal one to pay for others." His complaint asks for monetary damages.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Whistle-blowing*

Although at the beginning of his complaint, Plaintiff writes, "Whistle Blowing Action," he does not cite to a specific statute, and there are several federal statutes prohibiting retaliation against whistleblowers. *See, e.g.,* 5 U.S.C. § 1221 (Whistleblower Protection Act); 31 U.S.C. § 3730(h) (False Claims Act); 33 U.S.C. § 1367(a) (Federal Water Pollution Control Act); 42 U.S.C. § 7622 (Clean Air Act); among others. None of these statutes would apply to the facts alleged by Plaintiff. Any whistleblower claims will be dismissed.

*Hate Crime Prevention Act*

Plaintiff cites to the Matthew Shepherd and James Bird Hate Crime Prevention Act, found at 18 U.S.C. § 249(a)(2). However, this is a criminal statute, and Plaintiff, as a private citizen, has no authority to initiate a federal criminal prosecution. *Jermano v. Taylor*, No. 11-10739, 2012 WL 4021115, at *6 (E.D. Mich. July 30, 2012) (dismissing *pro se* plaintiff's claim under the Hate Crimes Prevention Act).

*Remaining claims*

Plaintiff's complaint almost exclusively contains broad and conclusory allegations that are not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). These conclusions are not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff's complaint is rambling, disjointed, implausible, and fails, as it is required to do, to contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy*

3

*Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Finally, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Plaintiff's complaint meets this standard and, therefore, requires dismissal.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's complaint.

Date:


cc: Plaintiff, *pro se*
4412.009